IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

GERALD WAYNE TARPLEY,           }
                                }
     Plaintiff,                 }
                                }       CIVIL ACTION NO.
v.                              }       06-AR-0525-S
                                }
STATE FARM MUTUAL AUTOMOBILE    }
INSURANCE COMPANY, et al.,      }
                                }
     Defendants.                }

**MEMORANDUM OPINION**

For two reasons, the motion of defendant, Scott Tarpley, to dismiss the above-entitled action is due to be granted.  First and foremost, the court lacks *in personam* jurisdiction over movant, meaning that the dismissal must be without prejudice.  The insured owner named in a casualty insurance policy covering his vehicle does not subject that insured to suit in every state in which someone other than the named insured is injured in an accident that does not involve the vehicle.  Plaintiff's argument that the insured motorcycle "by its very nature is capable of being operated in any number of jurisdictions", if taken seriously, would mean that without ever leaving the State of Tennessee, where he resides, Scott Tarpley could be sued in any of the other 49 states by someone claiming coverage under this insurance policy.

If the court had *in personam* jurisdiction, Scott Tarpley is not an indispensable party.  Either plaintiff is covered by the subject policy of insurance issued by State Farm Mutual Automobile

Insurance Company, or he is not.  Scott Tarpley may be needed as a witness, but he is not necessary as a party.

A separate appropriate order will be entered.

DONE this 24th day of April, 2006.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE